IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PAUL PETER SCHREY,

    Petitioner,               No. CIV S-10-2263 EFB P

    vs.

K. DICKERSON,

    Respondent.          ORDER

    Petitioner is state prisoner proceeding without counsel seeking a writ of habeas corpus. *See* 28 U.S.C. § 2254. Petitioner has paid the filing fee.

    A judge "entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. A district court must entertain a habeas petition "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). By its nature, a petition for a writ of habeas corpus challenges the legality of the fact or duration of confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

////

Petitioner alleges two grounds for relief.  In each claim, petitioner alleges generally that he was found guilty of a rules violation report when he was in fact, innocent.  Petitioner claims his glasses were broken and his leg was severely injured.  He further alleges that his efforts at filing inmate appeals have been unsuccessful.  He purports to be bringing claims based on the First Amendment right to appeal and the Fourteenth Amendment rights to due process and equal protection.

As a general rule, a challenge in federal court to the fact of conviction or the length of confinement must be raised in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973).  A civil rights action, on the other hand, is appropriate for challenges to the conditions of an inmate's confinement.  *Id.* at 499.  Petitioner makes various claims regarding his conditions of confinement.  It is not clear what relief petitioner seeks.  Also unclear is whether either of the disciplinary convictions resulted in the loss of good time credits, thereby affecting the duration of his confinement or whether expunging the records of the disciplinary proceedings would benefit him at a parole suitability hearing.  *See Bostic v. Carlson*, 884 F.2d 1267, 1269 (9th Cir. 1989) (habeas corpus appropriate remedy for prisoner seeking  expungement of  a disciplinary finding from his record "if expungement is likely to accelerate the prisoner's eligibility for parole.").  Habeas jurisdiction is absent where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence. *Ramirez v. Galaza*, 334 F.3d 850, 859 (9th Cir. 2003), *cert. denied*, 541 U.S. 1063 (2004).  Thus, habeas jurisdiction is appropriate for attacking disciplinary findings as long as an expungement of the disciplinary finding is "likely to accelerate the prisoner's eligibility for parole." *Bostic*, 884 F.2d at 1269.  Because it is not clear whether petitioner challenges the length of his confinement, the petition is dismissed with leave to amend.

////

////

////

2

1     Accordingly, it is hereby ORDERED that:

2     1. The petition is dismissed without prejudice;

3     2. Petitioner may filed an amended petition within 30 days of the date this order is filed;

4 and

5     3. Failure to comply with this order will result in this action being dismissed.

6 Dated: October 13, 2010.

*(signature)*
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE